In re Cindi Scott RICHARDS.

AT & T UNIVERSAL CARD SERVICES, Plaintiff,

v.

Cindi Scott RICHARDS, Defendant.

Bankruptcy No. 95–42756 S.
Adv. No. 95–4228.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

May 10, 1996.

Byron Southern, Little Rock, AR, for AT & T Universal Card Services.

Grisham A. Phillips, Benton, AR, for Cindi Scott Richards.

James F. Dowden, Trustee, Little Rock, AR.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the trial of the complaint to determine dischargeability. The creditor alleges that the debt owing to it is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), which provides:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A).

The creditor called the debtor as its only witness, eliciting testimony that the debtor withdrew, as a cash advance, $3,900 of the $4,000 credit limit, within a short period of time of receiving the card. The cash was used as a down payment on a car, for her daughter's senior trip, and for other, unstated expenses. The debtor also admitted that she had other debts, regarding which no specifics were elicited. The creditor rested, after which the debtor moved for a judgment pursuant to Rule 52(c), Federal Rules of Civil Procedure, which motion was taken under advisement. The Court now grants the motion inasmuch as the creditor failed to prove its case.

■ In order to obtain a judgment of non-dischargeability under section 523(a)(2)(A), the creditor is required to plead and prove:

(1) the debtor made the representations;

(2) that at the time the debtor made the representations, she knew them to be false;

(3) that the debtor made the representations with the intention and purpose of deceiving the creditor;

(4) that the plaintiff justifiably relied on such representations;

(5) that the plaintiff sustained the alleged loss and damage as the proximate result of the representations having been made.

*FCC National Bank v. Willis (In re Willis)*, 190 B.R. 866, 868 (Bankr.W.D.Mo.1996); *AT & T Universal Card Services v. Alvi (In re Alvi)*, 191 B.R. 724 (Bankr.N.D.Ill.1996); *see Field v. Mans*, — U.S. —, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995).[1]

■ The Court finds that the debtor, by use of the credit card, represented that she intended to pay the charges. However, the evidence is insufficient to demonstrate that the debtor made the representation knowing it was false. The only evidence before the Court is that she drew down $3,900 through cash advances on her credit card and used the funds while owing other debts. These bare facts are insufficient to carry creditors' burden on the element of fraudulent intent such that the creditor fails in its burden of proof.

[3] Finally, the creditor failed to produce *any* evidence of justifiable reliance by the debtor. While the Supreme Court indicated in *Field v. Mans*, — U.S. —, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995), that the level of justifiable reliance may vary with the facts and circumstances of the particular case; *id.* at —, 116 S.Ct. at 444. ("Justification is a matter of the qualities and characteristics of the particular plaintiff and the circumstances of the particular case."), the element must be proven by *some* evidence; the creditor cannot completely ignore its burden with regard to this element of the cause of action. In this instance, since the creditor failed to place *any* evidence before the Court of justifiable reliance, it fails in its burden of proof. Accordingly, it is

**ORDERED:** that judgment shall be entered in favor of the debtor and this adversary proceeding dismissed.

**IT IS SO ORDERED.**

### *JUDGMENT*

This action came on for trial before the Court, Honorable Mary Davies Scott, U.S. Bankruptcy Judge, presiding, and the issues having been duly tried and a decision having been duly rendered,

It is **Ordered and Adjudged** that the debt owed by the debtor CINDI SCOTT RICHARDS to the plaintiff AT & T UNIVERSAL CARD SERVICES is dischargeable in this bankruptcy case.

**IT IS SO ORDERED.**

---

**1.** In *Field v. Mans,* — U.S. —, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995), the Supreme Court held that the plaintiff must prove "justifiable reliance" as an element of the section 523(a)(2)(A) cause of action.